J. S71002/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LARRY EDWARD WEST, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 134 MDA 2014 |
| | : | |
| DAVID VARANO[1] | : | |

Appeal from the Order Entered January 6, 2014,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 2013-CV-10741

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LARRY EDWARD WEST, JR., | : | No. 409 MDA 2014 |
| | : | |
| Appellant | | |

Appeal from the Order Entered December 6, 2013,
in the Court of Common Pleas of Luzerne County
Criminal Division at Nos. CP-40-CR-0002702-2005,
CP-40-CR-0002703-2005, CP-40-CR-0002704-2005

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 24, 2015**

---

* Former Justice specially assigned to the Superior Court.

[1] David Varano is the Superintendent at SCI Coal Township where appellant is currently incarcerated.

Appellant appeals the order denying and dismissing his second collateral petition, which was brought as a petition for writ of **habeas corpus**, but which the court found was subsumed by the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and thereafter denied and dismissed as untimely. Finding no error, we affirm.

On June 15, 2005, a jury found appellant guilty of numerous sex and related offenses, including involuntary deviate sexual intercourse. The charges arose from the molestation of appellant's girlfriend's two minor daughters when they lived at appellant's home in Freeland from June 2002 to May 2004.

On October 3, 2006, appellant was sentenced to an aggregate term of 9 to 18 years' imprisonment. On April 28, 2008, this court affirmed the judgment of sentence. **Commonwealth v. West**, 953 A.2d 842 (Pa.Super. 2008) (unpublished memorandum). No further appeal was taken.

On March 24, 2009, appellant filed a counseled PCRA petition. A hearing was held and on December 30, 2010, the petition was denied and dismissed. On January 10, 2012, this court affirmed the order of the PCRA court; and on August 28, 2012, our supreme court denied appeal. **Commonwealth v. West**, 43 A.3d 517 (Pa.Super. 2012) (unpublished memorandum).[2]

---

[2] The denial of appeal by our supreme court does not appear to have been officially reported.

On May 10, 2012, appellant filed the instant petition for writ of **habeas corpus** in Northumberland County, where appellant is incarcerated. On June 29, 2012, the Northumberland County court entered an order transferring the petition to Luzerne County, where appellant was tried and convicted. This order was appealed at docket number 823 MDA 2014 and has been listed consecutively, at journal number S71003/14, to the two appeals listed here at journal number S71002/14.

On June 26, 2013, the Commonwealth filed a motion to dismiss appellant's petition. On November 13, 2013, the court issued notice, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss appellant's petition without hearing. On December 6, 2013, the court denied and dismissed appellant's petition on the basis that it was subsumed by the PCRA, that it was untimely, and that it failed to raise an exception to the time restrictions of the PCRA. This order was appealed at docket number 409 MDA 2014. On January 6, 2014, the court entered an order granting the Commonwealth's motion to dismiss appellant's petition. This order was appealed at docket number 134 MDA 2014 and has been consolidated with docket number 409 MDA 2014 at journal number S71002/14.

Preliminarily, we note that the court below properly decided that appellant's petition for writ of **habeas corpus** was subsumed by the PCRA. Where the relief requested in a petition for writ of **habeas corpus** is cognizable under the PCRA, a petition for writ of **habeas corpus** is

subsumed under that statute. 42 Pa.C.S.A. § 9542; ***Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013). The gravamen of appellant's petition for writ of ***habeas corpus*** is that the Luzerne County court that presided over his convictions was without jurisdiction to do so because the trial judge was subsequently convicted of criminal offenses himself. A proceeding in a tribunal without jurisdiction is explicitly set out in the PCRA as a ground for relief. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(viii). Consequently, the relief requested in appellant's petition for writ of ***habeas corpus*** is available under the PCRA, and the petition is subsumed thereunder.

We reject appellant's response to the ruling below that his petition is subsumed by the PCRA. Appellant argues that his petition is challenging the conditions of his confinement rather than the legality of his confinement because he is objecting to that part of the sentencing order that sets the conditions of his confinement as, "to be served in a State Correctional Institution." He contends that the conditions of his confinement are not cognizable under the PCRA.

Simply stated, that is not the complaint contained in appellant's petition. Appellant's petition questions the jurisdiction of the court that convicted him, which directly attacks the legality of his confinement and not the conditions. To this appellant then responds that his petition must be heard because the legality of a sentence cannot be waived. We again disagree:

> Appellant offers that even if untimely, a petitioner's claims will always be considered on the merits when the claims challenge the legality of the sentence. Appellant is mistaken. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.

*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Therefore, appellant's petition is subject to the time requirements of the PCRA.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa.Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008).

Appellant's judgment of sentence became final on May 28, 2008, when the time for filing a petition for allowance of appeal with our supreme court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P., Rule 1113(a), 42 Pa.C.S.A. The instant petition, filed May 10, 2012, is manifestly untimely

and cannot be reviewed unless appellant invokes a valid exception to the time bar of the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant's petition failed to raise any exception to the time requirements of the PCRA. Therefore, neither this court nor the PCRA court has jurisdiction to review the merits of the petition, and we must affirm the order below.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015