J-S32037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MWANGI SEKOU, | |
| Appellant | No. 2183 EDA 2015 |

Appeal from the PCRA Order June 24, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1103481-2002

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 13, 2016**

Appellant, Mwangi Sekou, appeals *pro se* from the order of June 24, 2015, dismissing his serial, third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

On February 4, 2004, a jury convicted Appellant of murder of the third degree and related offenses.  The charges arose from Appellant's July 19, 2002, shooting of the victim.  On April 8, 2004, the trial court sentenced Appellant to an aggregate term of incarceration of not less than thirty-five nor more than seventy-seven years.  This Court affirmed the judgment of sentence on August 31, 2005.  (**See Commonwealth v. Sekou**, No. 1888

_____

[*] Retired Senior Judge assigned to the Superior Court.

EDA 2004 (Pa. Super. filed Aug. 31, 2005) (unpublished memorandum)).

Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

Subsequently, Appellant filed two PCRA petitions. The PCRA court dismissed each petition and this Court affirmed the dismissals on appeal.

On October 17, 2014, Appellant filed the instant, *pro se*, third PCRA petition. On May 11, 2015, the PCRA court filed a Rule 907 notice of its intention to dismiss Appellant's PCRA petition. **See** Pa.R.Crim.P. 907(1). On May 26, 2015, Appellant filed a response. On June 24, 2015, the PCRA court dismissed Appellant's third PCRA petition as untimely. Appellant timely appealed.[1]

Appellant raises one question for this Court's review:

> Did the PCRA [c]ourt abuse its discretion in its determination of whether it had jurisdiction over the PCRA petition under the timeliness exception of 42 Pa.C.S. § 9545(b)(1(ii)?

(Appellant's Brief, at vi).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The PCRA court filed an opinion on August 3, 2015. **See** Pa.R.A.P. 1925(a).

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).  However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition."  ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his third PCRA petition on October 17, 2014.  The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  Appellant's judgment of sentence became final on September 30, 2005, thirty days after this Court affirmed the judgment of sentence and Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.  ***See*** Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3).  Therefore, Appellant had one year, until October 2, 2006,[2] to file a timely PCRA petition.  Because Appellant did not file his current petition until October 17, 2014, the petition is facially untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA.  ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of

---

[2] September 30, 2006 was a Saturday.

the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant seeks to invoke the newly-discovered facts exception codified at 42 Pa.C.S.A. § 9545(b)(1)(ii) and discussed in the Pennsylvania Supreme Court's decision in *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), which held that this exception refers not to after-discovered evidence but to facts that were previously unknown to the petitioner. *See Bennett*, *supra* at 1270; (*see also* Appellant's Brief, at 5). The Court in *Bennett* also held, in accord with the statutory language, that an appellant must prove that the facts upon which the claim is predicated could not have been ascertained earlier through the exercise of due diligence. *See*

- 4 -

*Bennett*, *supra* at 1272. "A petitioner must . . . explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence." *Commonwealth v. Taylor*, 933 A.2d 1035, 1041 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation omitted).

In its August 3, 2015 opinion, the PCRA court dicussed Appellant's newly discovered facts claim as follows:

> In [an] attempt to satisfy the PCRA's timeliness exception, [Appellant] invoked section (b)(1)(ii) by presenting the purported exculpatory fact that Jonathan Williams perpetrated the shooting for which [Appellant] was convicted. This newly discovered fact was presented by three individuals who were not at the scene of the homicide. *See* PCRA petition, exhibits A-C. According to Ms. Zakiyyah Williams' certification, Mr. Williams, her brother, confessed to her years prior that he perpetrated the killing. Ms. Williams also claimed her brother revealed in 2004 that he intended to turn himself in on an unspecified future date and that the [Appellant] was wrongly convicted. Mr. Williams was killed in 2004 before fulfilling his supposed plan. Ms. Williams further asserted that she approached Ms. Bernadine Branch ([Appellant's] mother) and Ms. Shana Ryles-Sekou ([Appellant's] wife) at a religious service on October 15, 2013 to convey her brother's inculpative message. The certifications of Ms. Branch and Ms. Rules-Sekou iterated Ms. Williams' conveyance.
>
> Despite the attached certifications, [Appellant] failed to demonstrate that the fact that someone other than himself, specifically Jonathan Williams, was the shooter was previously unknown. [Appellant] submitted an affidavit of Karif Holloway on June 8, 2012, wherein Jonathan Williams is identified as the alleged shooter. *See* [Second] PCRA petition, 7/26/12 exhibit B. Furthermore, Mr. Holloway asserted that [Appellant] furnished the shooter's name. *Id.* The [Appellant's] prior knowledge of the shooter's identity is further evinced by the affidavit of Dennard Hawkins, which asserted that [Appellant] knew the shooter. *See* [Supplemental Amended Second] PCRA petition, 9/6/12 exhibit A. . . .

(PCRA Court Opinion, 8/03/15, at 4-5).

Our independent review of the record corroborates the PCRA court's finding that Appellant first raised the claim that Jonathan Williams was the shooter in his second PCRA petition. (**See** Second PCRA Petition, 7/26/12, at Exhibit B; Supplemental Amended Second PCRA Petition, 9/06/12, at Exhibit A). Thus, Appellant's current claim is not a newly discovered fact but rather additional verification of a previously discovered fact. It is settled that a newly discovered source for an already known fact does not meet the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii). **See Commonwealth v. Marshall**, 947 A.2d 714, 720-21 (Pa. 2008) (citations omitted). Accordingly, Appellant has failed to show that he meets the newly discovered fact requirement of 42 Pa.C.S.A. § 9545(b)(1)(ii). **See Johnson**, **supra** at 427.

Thus, because the record demonstrates that Appellant's third PCRA petition is untimely with none of the statutory exceptions to the time bar proven, we affirm the order of the trial court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2016