J. S73004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
         v.   :
  :
SHAWN PATRICK SWEENEY,   :       No. 1764 WDA 2015
  :
      Appellant   :


Appeal from the PCRA Order, October 2, 2015,
in the Court of Common Pleas of Cambria County
Criminal Division at No. CP-11-CR-0000759-2006


BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS AND JENKINS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 12, 2016**

Shawn Patrick Sweeney appeals, **_pro se_**, from the order of October 2, 2015, dismissing his second PCRA[1] petition.  We affirm.

On October 31, 2006, appellant entered a negotiated guilty plea to third-degree murder.  The charge related to the December 23, 2005 shooting of Charles Cummings.  As part of the plea, appellant agreed to a negotiated sentence of 20 to 40 years' imprisonment.  (Notes of testimony, 10/31/06 at 13.)  On January 29, 2007, the trial court imposed the bargained-for sentence of 20 to 40 years.  (Notes of testimony, 1/29/07 at 14.)  No direct appeal was filed.

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

On January 18, 2008, appellant filed a timely **pro se** PCRA petition. Counsel was appointed, and the petition was denied on March 31, 2008. Appellant did not take an appeal from that order.

On August 7, 2015, appellant filed the instant petition, his second. Therein, appellant argued that his sentence was illegal under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. Appellant alleged that the "after-discovered facts" exception to the PCRA's jurisdictional one-year time-bar applied. According to appellant, he filed his petition within 60 days of discovering his sentence was illegal under **Alleyne** and the Pennsylvania Supreme Court's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (holding 18 Pa.C.S.A. § 6317 (drug-free school zones), unconstitutional under **Alleyne**). (PCRA petition, 8/7/15 at 2; Docket #42.)

On September 11, 2015, the PCRA court issued 20-day notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907(1). Appellant did not respond, and on October 2, 2015, the PCRA court dismissed the petition. Appellant filed a timely notice of appeal on

October 29, 2015.[2]   Appellant complied with Pa.R.A.P. 1925(b), and the PCRA court filed a Rule 1925(a) opinion.[3]

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa.Super. 2008), ***appeal denied***, 956 A.2d 433 (Pa. 2008), quoting ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

Applying ***Alleyne***, this court has held that certain mandatory minimum sentencing provisions are unconstitutional because they permit the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence standard.  ***See***, ***e.g.***, ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (***en banc***),

---

[2] Appellant's notice of appeal was not docketed until November 4, 2015; however, appellant is currently incarcerated and attached a proof of service and verification dated October 29, 2015.  Therefore, we will consider it filed on that date.  ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (discussing the "prisoner mailbox rule").

[3] The PCRA court filed a Rule 1925(a) opinion on December 10, 2015, relying on its opinion and order of September 11, 2015.

*appeal denied*, 121 A.3d 496 (Pa. 2015) (42 Pa.C.S.A. § 9712.1 (relating to drug offenses committed with firearms), does not pass constitutional muster under *Alleyne*). However, appellant was not sentenced pursuant to a mandatory minimum sentencing statute. (PCRA court opinion, 9/11/15 at 1.) As described above, appellant entered a negotiated guilty plea to third-degree murder and agreed to the statutory maximum 20-40 year sentence. *See* 18 Pa.C.S.A. § 1102(d) ("Notwithstanding section 1103, a person who has been convicted of murder of the third degree or of third degree murder of an unborn child shall be sentenced to a term which shall be fixed by the court at not more than 40 years.").

Moreover, recently our supreme court decided that *Alleyne* does not apply retroactively to cases pending on collateral review. *Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088 (Pa. July 19, 2016). *See also Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super. 2015) (declining to give *Alleyne* retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before *Alleyne* was decided). *Cf. Commonwealth v. Ruiz*, 131 A.3d 54 (Pa.Super. 2015) (defendant was entitled to the benefit of *Alleyne* where he raised the claim in a timely PCRA petition and his judgment of sentence was still pending on direct review when *Alleyne* was handed down). Here, appellant was sentenced on January 29, 2007, and *Alleyne* was decided on

June 17, 2013, 6½ years later. Appellant's petition was patently untimely, and no exception to the one-year time limitation applied.[4]

Appellant also claims, for the first time on appeal, that 18 Pa.C.S.A. § 2502(c),[5] the third-degree murder statute, is unconstitutionally vague. This issue was not raised in appellant's PCRA petition and is deemed waived. *Commonwealth v. Bond*, 819 A.2d 33, 39 (Pa. 2002), citing Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal); *Commonwealth v. Basemore*, 744 A.2d 717, 725 (Pa. 2000); *Commonwealth v. Albrecht*, 720 A.2d 693, 704 (Pa. 1998). In addition, the issue could have been raised on direct appeal or in appellant's first PCRA petition. 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"). The PCRA court did not err in dismissing appellant's petition as untimely.

Order affirmed.

---

[4] Appellant's claim that his discovery of *Alleyne* satisfied the after-discovered facts exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) is meritless. *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) ("Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." (citations omitted)).

[5] "**(c) Murder of the third degree.--**All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree."

J. S73004/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016