COMMONWEALTH of Pennsylvania,
Appellee

v.

Jeffrey Kevin TAYLOR, Appellant.

Superior Court of Pennsylvania.

Submitted July 16, 2007.
Filed Sept. 7, 2007.
Reargument Denied Nov. 7, 2007.

Jeffrey K. Taylor, appellant, Pro Se.

Michael W. Streily, Deputy Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: GANTMAN, McCAFFERY, and JOHNSON, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Jeffrey Kevin Taylor, appeals the order entered in the Allegheny County Court of Common Pleas, which dismissed his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

¶ 2 This Court previously set forth the relevant facts and procedural history of this case as follows:

On November 24, 1995, [A]ppellant ... and his co-defendant Vincent Pinkney were walking outside of an apartment building where the victim, Latul Love, and Donald Brown were visiting Marcia Chappel. Anthony Martin, who had been in Ms. Chappel's apartment with Love and Brown, exited the building and

---

1. 42 Pa.C.S.A. §§ 9541–9546.

indicated to [A]ppellant and Pinkney that he wanted to rob someone inside the building. As Brown and Love were exiting the building, [A]ppellant and Pinkney grabbed Love and held him while Martin shot him in the chest, killing him. Following a jury trial, [A]ppellant was convicted of third degree murder, robbery, and conspiracy to commit robbery [on September 25, 1996]. On November 18, 1996, [A]ppellant was sentenced to ten to forty years' incarceration for third degree murder. No further penalty was imposed for robbery or conspiracy.

*Commonwealth v. Taylor*, No. 2203 Pittsburgh 1996, unpublished memorandum at 1–2, 737 A.2d 813 (Pa.Super. filed February 9, 1999) (footnotes omitted). This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on August 30, 1999. *Commonwealth v. Taylor*, 737 A.2d 813 (Pa.Super.1999), *appeal denied*, 560 Pa. 684, 742 A.2d 674 (1999).

¶ 3 Appellant filed his first PCRA petition on April 27, 2005, and the PCRA court appointed counsel. On November 27, 2006, counsel filed a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*). On December 14, 2006, the PCRA court granted counsel permission to withdraw and issued notice of its intent to dismiss the petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant requested new counsel on January 3, 2007, and the court denied his request on January 8, 2007. On January 9, 2007, Appellant filed a *pro se* response to the court's Rule 907 notice and counsel's "no-merit" letter. The court dismissed Appellant's petition on January 19, 2007. On February 5, 2007, Appellant timely filed a *pro se* notice of appeal. The court did not order

a concise statement complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, and none was filed.

¶ 4 On appeal, Appellant raises the following issues which we recite almost *verbatim*:

DID THE INSOLVENT COMMONWEALTH PROCEED WITH A FORMAL COMPLAINT–INFORMATION WHICH WAS UNCONSTITUTIONAL SINCE NO "PROPER PLAINTIFF'" EXISTED WHO COULD BRING THE ACTION IN VIOLATION OF ONE'S LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS AND EQUAL PROTECTION OF THE LAW[?]

DID THE COMMONWEALTH LOSE JURISDICTION OF THIS CASE FOR FAILING TO HAVE THE BOND POSTED AND BECAUSE [APPELLANT] NEVER POSTED BOND[?]

DID THE INSOLVENT COMMONWEALTH COMPEL [APPELLANT] INTO ADMIRALTY/MARITIME JURISDICTION UNDER THE BANNER OF WAR THAT IS NOT RECOGNIZED BY TITLE 4 CHAPTER 1 § [§ ] 1, 2, AND 3, WHEREAS, SAID FLAG IS THE (COLOR) GOLD FRINGED, RENDERING THE COURTROOM A TRIBUNAL UNDER MARTIAL LAW RULE[,] THUS VIOLATING ARTICLE III OF THE UNITED STATES CONSTITUTION[?]

DID THE COMMONWEALTH HAVE SUBJECT MATTER JURISDICTION IN THIS CASE *SUB[ ]JUDICE* WHERE THE CORONER ACTED AS AN ISSUING AUTHORITY AND ISSUED AN ARREST WARRANT FOR THE DEFENDANT WHEN THIS ACTION IS PROHIBITED BY THE

PENNSYLVANIA CONSTITUTION ARTICLE V, ADOPTED IN 1968, WHICH CONCLUDED THAT A CORONER IS NOT A PART OF THE UNIFIED JUDICIAL SYSTEM, THEREFORE STRIPPING ALL CORONERS OF THE POWER TO ACT AS ISSUING AUTHORITIES[?]

DID THE COURT OF COMMON PLEAS HAVE SUBJECT MATTER JURISDICTION OVER [APPELLANT] ... AS THE PENNSYLVANIA CONSTITUTION OF 1968 AND ALL PENNSYLVANIA LAWS, STATUTES, CRIMES CODES, AND RULES OF COURTS AND PROCEDURES ARE NULL AND VOID AS THE PENNSYLVANIA CONSTITUTION OF 1968 VIOLATES ARTICLE IV § 3, CLAUSE 1 OF THE UNITED STATES CONSTITUTION[?]

DOES THE COURT OF COMMON PLEAS HAVE SUBJECT MATTER JURISDICTION OVER THE CASE SUB[ ]JUDICE WHEN THERE IS NO PROVISIONS IN THE 1874 OR 1968 PENNSYLVANIA CONSTITUTIONS ENTITLING PENNSYLVANIA TO ENACT A CRIMINAL CODE OR CRIMINAL STATUTES[?]

WAS THE COMMONWEALTH PROHIBITED BY VIRTUE OF NO EXISTING CONSTITUTIONAL JURISDICTION PERMITTING PENNSYLVANIA TO PROSECUTE CRIMINAL CHARGES, THUS LEAVING THE COURT OF COMMON PLEAS WITHOUT SUBJECT MATTER JURISDICTION IN THE CASE SUB[ ]JUDICE[?]

DOES THE 1968 PENNSYLVANIA CONSTITUTION ARTICLE V § 10(C) TRANSCEND THE UNITED STATES CONSTITUTION ARTICLE IV § 2, CLAUSE 1, THUS LEAVING THE COURT OF COMMON PLEAS WITHOUT SUBJECT MATTER JURISDICTION IN THE CASE SUB[ ]JUDICE[?]

WAS THE [PCRA] COURT[']S DECISION TO FIND THE APPELLANT[']S PCRA UNTIMELY IN ERROR[?]

WAS THE APPELLANT[']S PCRA COUNSEL INEFFECTIVE FOR FAILING TO PROPERLY LITIGATE APPELLANT[']S PCRA PETITION AND FOR MISLEADING THE [PCRA] COURT TO THE APPELLANT[']S PCRA WAS UNTIMELY AND WITHOUT MERIT[?]

(Appellant's Brief at xv).

¶ 5 For the purposes of our disposition, we need only address Appellant's last two issues (nine and ten). Initially, we must determine whether Appellant timely filed his current PCRA petition. *Commonwealth v. Pollard,* 911 A.2d 1005, 1007 (Pa.Super.2006). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson,* 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). Statutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition. *Commonwealth v. Murray,* 562 Pa. 1, 4, 753 A.2d 201, 203 (2000) (holding court lacks jurisdiction to hear merits of PCRA claim where petition is filed in untimely manner and no exception to timeliness requirements is properly alleged and proved; timeliness requirements do not depend on nature of violations alleged). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes

final.[2] 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Bretz,* 830 A.2d 1273 (Pa.Super.2003); *Commonwealth v. Vega,* 754 A.2d 714 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *Pollard, supra.*

■ ¶ 6 The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception. *Id. See also Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258 (1999) (stating petitioner's burden is to plead and prove exception applies when PCRA is untimely). The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be asserted within sixty (60) days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

¶ 7 In the case before us, the trial court imposed Appellant's sentence on September 25, 1996. This Court affirmed the judgment of sentence on February 9, 1999. On August 30, 1999, our Supreme Court denied Appellant's petition for allowance of appeal. Appellant did not seek further review. Accordingly Appellant's judgment of sentence became final for PCRA purposes on or about November 29, 1999,[3] upon expiration of the time to seek *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13 (allowing ninety days to file petition for *certiorari* ). Appellant filed his current PCRA petition on April 27, 2005, over five years later. Thus, his current petition is patently untimely.

---

**2.** The legislature provided a one-year grace period (January 16, 1996–January 16, 1997) to **first-time** PCRA petitioners whose judgments of sentence became final prior to the effective date of the amended Act. *See Commonwealth v. Alcorn,* 703 A.2d 1054 (Pa.Super.1997), *appeal denied,* 555 Pa. 711, 724 A.2d 348 (1998). The grace period does not apply in the present case.

**3.** November 28, 1999 was a Sunday.

¶ 8 Nevertheless, Appellant seeks to invoke the exception to the PCRA time bar under Section 9545(b)(1)(ii).[4] Appellant argues a coroner signed the warrant for his arrest in 1995.[5] Appellant contends Pennsylvania courts lack jurisdiction to hear a case where the coroner issues the arrest warrant because the coroner has no authority to do so. Appellant maintains the coroner acted not as a neutral magistrate, but as a prosecutor, because a coroner may investigate a victim's cause of death. Appellant insists he could not have reasonably known within the time allotted following direct review that the law barred the coroner from signing his arrest warrant. Appellant asserts he could only have discovered this fact after he saw an opinion issued by the Allegheny County Court of Common Pleas on March 1, 2005,[6] which according to Appellant, holds coroners do not have arrest powers. Appellant insists that under Section 9545(b)(1)(iii), the case retroactively established his constitutional right to have a neutral magistrate issue his arrest warrant. Appellant further claims his PCRA counsel was ineffective for filing a *Turner/Finley* "no-merit" letter instead of litigating this issue before the PCRA court in a hearing. Appellant concludes this Court should reverse the PCRA court's order dismissing his petition. We disagree.

¶ 9 The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. *Commonwealth v. Allen,* 557 Pa. 135, 142, 732 A.2d 582, 586 (1999). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164 (Pa.Super.2001). Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Pa.R.Crim.P. 907(1); *Commonwealth v. Hardcastle,* 549 Pa. 450, 701 A.2d 541 (1997).

¶ 10 Our Supreme Court has held "for purposes of 42 Pa.C.S. § 9545(b)(1)(ii) information is not 'unknown' to a PCRA petitioner when the information was a matter of public record." *Commonwealth v. Chester,* 586 Pa. 468, 473, 895 A.2d 520, 523 (2006). For purposes of the exception to the PCRA's jurisdictional time-bar under

4. We are mindful of the Supreme Court's recent decision in *Commonwealth v. Bennett,* —— Pa. ——, 930 A.2d 1264 (2007), which makes clear that referring to Section 9545(b)(1)(ii) as the "after discovered evidence" exception is a misnomer and unduly limits application of that exception.

5. We observe Appellant's arrest warrant is not in the certified record on appeal. The certified docket entries in the record also indicate that Appellant's PCRA petition is "missing from court file."

6. *In Re: The Death of Eugene Aiello,* Misc. No. 13 JAN 2005 and *In Re: The Death of Michael Robinson,* Misc. No 15 JAN 2005

("*Aiello* ") (finding: (1) coroner's subpoena may be used only to compel attendance of witnesses at coroner's inquest and cannot be used to compel production of evidence in advance of inquest; (2) enforcement of coroner's subpoenas should be made by Court of Common Pleas and not coroner; (3) there are certain methods of proper dispersal of certain evidence between coroner and law enforcement agency conducting investigation; and (4) open inquest for investigation of death should occur only with consultation, advice, and involvement of district attorney). Nothing in the *Aiello/Robinson* opinion appears to have any bearing on the outcome of Appellant's trial.

Section 9545(b)(1)(ii), a petitioner fails to meet his burden when the facts asserted were merely "unknown" to him. *Id.* at n. 2. A petitioner must also explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence. *Commonwealth v. Breakiron,* 566 Pa. 323, 331, 781 A.2d 94, 98 (2001). The "60–day rule" is strictly enforced. *See Vega, supra* at 718.

■ ¶ 11 With regard to a coroner's investigation in Allegheny County, Pennsylvania law states in pertinent part the following:

### § 1237. Coroner's investigations

(a) The coroner having a view of the body shall investigate the facts and circumstances concerning deaths which appear to have happened within the county, regardless where the cause thereof may have occurred, for the purpose of determining whether or not an autopsy should be conducted or an inquest thereof should be had, in the following cases:

\* \* \*

(3) deaths occurring as a result of violence or trauma, whether apparently homicidal, suicidal or accidental (including, but not limited to, those due to mechanical, thermal, chemical, electrical or radiational injury, drowning, cave-ins and subsidences)

\* \* \*

(b) The purpose of the investigation shall be to determine the cause of any such death and to determine whether or not there is sufficient reason for the coroner to believe that any such death may have resulted from criminal acts or criminal neglect of persons other than the deceased.

16 P.S. § 1237(a), (b). Settled Pennsylvania law provides "in cases involving either violent or suspicious deaths, a coroner or his properly authorized designee may act as an issuing authority." *Commonwealth v. Smouse,* 406 Pa.Super. 369, 594 A.2d 666, 668 (1991) (finding appellant's contention frivolous that proceeding was void because coroner is not issuing authority). Likewise in cases of violent or suspicious death, a coroner or his properly authorized designee may conduct an inquest in lieu of a preliminary hearing and act as a committing magistrate. *Commonwealth v. Prosdocimo,* 331 Pa.Super. 51, 479 A.2d 1073, 1074 (1984). *See also Commonwealth v. Martin,* 727 A.2d 1136, 1142 (Pa.Super.1999), *appeal denied,* 560 Pa. 722, 745 A.2d 1220 (1999), *overruled on other grounds, Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002) (finding no violation of due process occurs when coroner conducts statutorily permissible inquest to determine cause of violent or suspicious death because coroner's findings do not constitute trial on merits and are not binding as judgment).

■ ¶ 12 The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez,* 858 A.2d 1219, 1222 (Pa.Super.2004), *appeal denied,* 582 Pa. 695, 871 A.2d 189 (2005). To establish a claim of ineffective assistance of counsel, Appellant must demonstrate (1) the underlying claim is of arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate Appellant's interest; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Johnson,* 868 A.2d 1278, 1281 (Pa.Super.2005), *appeal denied,* 583 Pa. 680, 877 A.2d 460 (2005) (internal citations omitted); *Gonzalez, supra.* The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Rush,* 576 Pa. 3, 838 A.2d 651 (2003). "The threshold inquiry

in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit...." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super.2004).

¶ 13 "When counsel is appointed to represent a petitioner on a PCRA petition that is untimely on its face, appointed counsel's first duty is to consider the timeliness of the appeal." *Commonwealth v. Perez*, 799 A.2d 848, 853 (Pa.Super.2002). "In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements of 42 Pa.C.S.A. § 9545(b) applies." *Id.* at 852.

¶ 14 Instantly, Appellant bore the burden of proving why he did not file a timely PCRA petition. *See Beasley, supra.* Appellant's warrant was a matter of public record and was accessible to him back in 1995. Although Appellant asserted he could not have known of his claim until March 1, 2005, Appellant could have reasonably discovered the coroner's signature on the warrant long before he filed his PCRA petition. *See Breakiron, supra.* Given the strict standards of the "new evidence rule", Appellant failed to demonstrate why with the exercise of due diligence he could not have discovered his issue prior to April 27, 2005, when he filed his patently untimely PCRA. *See Chester, supra; Breakiron, supra.* For this reason, Appellant's claim does not qualify as an exception to the PCRA timeliness requirements, and PCRA counsel cannot be deemed ineffective for having failed to pursue it. *See Poplawski, supra.*

¶ 15 Moreover, *Aiello* does not serve to establish a new constitutional right that may be applied retroactively. *See* 42 Pa. C.S.A. § 9545(b)(1)(iii) (providing right asserted is constitutional right that was recognized by United States Supreme Court or Supreme Court of Pennsylvania after time period provided in this section and has been held by that court to apply retroactively). Additionally, our Supreme Court explained that, for purposes of subsection (iii), the language "has been held by that court to apply retroactively" means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition. *Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 227, 812 A.2d 497, 501 (2002). Therefore a decision of the Court of Common Pleas is neither relevant nor binding in this context.

¶ 16 With respect to Appellant's contention that the nature of his claim (legality of arrest warrant) somehow trumps the statutory time restrictions, our Supreme Court emphatically stated:

> The argument advanced by Appellant, that the applicability of the PCRA's timeliness requirements to a PCRA petition somehow depends on the nature of the constitutional violations alleged therein, finds no support in either the language of the PCRA or in the case law interpreting it. To the contrary, a plain reading of the PCRA's timeliness requirements indicates that they are intended to apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.... In addition, given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims

raised in a PCRA petition that is filed in an untimely manner.

*Murray, supra* at 4–5, 753 A.2d at 202–03 (some internal citations omitted). Under the plain language of Section 9545, the substance of Appellant's PCRA petition must yield to its untimeliness. *Id.* Because Appellant presented no genuine issue of material fact concerning the timeliness of his petition, the PCRA court properly dismissed the petition without a hearing. *See Hardcastle, supra.* Thus, we affirm.

¶ 17 Order affirmed.