J. S30024/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NELSON LUGO, | : | No. 2986 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 26, 2014,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0002638-2004

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED JULY 09, 2015**

Appellant, Nelson Lugo, appeals from the September 26, 2014 order dismissing his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Finding that the PCRA petition under review was untimely filed and that no valid exception to the time requirements of the PCRA exists, we affirm.

The facts, as summarized by the PCRA court, are as follows:

> On September 12, 2005, [a]ppellant entered open guilty pleas in this case, and case No. 4407-2004, to one count of possession with the intent to deliver cocaine, two counts of delivery of cocaine, and one count of corrupt organizations.  He was sentenced on December 15, 2005, to serve a term of imprisonment of twenty-six (26) to sixty-eight (68) years.  In his appeal to the Superior Court, [a]ppellant challenged his sentence as unduly harsh.  The Superior Court disagreed, and affirmed [a]ppellant's judgment of sentence on October 10,

2006. The Pennsylvania Supreme Court denied his petition for allowance of appeal on March 27, 2007.

Appellant filed his first PCRA petition on October 29, 2007, and subsequent petitions on April 21, 2009, May 3, 2010,[Footnote 1] and January 24, 2011. All were denied or dismissed, and all appeals unsuccessful. On April 9, 2014, [a]ppellant filed the instant PCRA petition. Our review of the petition revealed it to be untimely, and on September 9, 2014, we gave [a]ppellant notice of our intent to dismiss his petition. Appellant promptly responded to this notice, but raised no issue that would have required that the proceedings continue. Accordingly, on September 26, 2014, we dismissed [a]ppellant's most recent petition for post-conviction collateral relief. This appeal followed.

> [Footnote 1] Appellant acknowledged that this petition was untimely, but claimed entitlement to the newly discovered facts exception to the PCRA's timeliness requirements. 42 Pa.C.S.A. § 9545(b)(1)(ii).

PCRA court opinion, 11/24/14 at 1-2.

The following issue has been presented for our review:

I.  WHETHER THE PCRA COURT ERRED WHEN IT DISMISSED THE POST CONVICTION PETITION AS "TIME BARRED" WHERE THE SENTENCE WAS NOT IMPOSED IN OPEN COURT AND NO FINAL JUDGMENT WAS ENTERED?

Appellant's brief at 1.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings

will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa.Super. 2007), ***appeal denied***, 951 A.2d 1163 (Pa. 2008).

Appellant's judgment of sentence became final on June 25, 2007, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. Appellant had one year from that date to file a PCRA petition. The instant petition was filed on April 9, 2014, is manifestly untimely, and cannot be reviewed unless appellant invokes a valid exception to the time bar of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A review of the petition reveals that appellant has not invoked any time of filing exception; thus, both the PCRA court and this court are without jurisdiction to review the issues raised in appellant's petition. (***See*** docket #8.)

Accordingly, having found that appellant's PCRA petition was untimely filed and that no time of filing exception was invoked, we will affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2015