J-S70040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL DEBNAM | : | |
| | : | |
| Appellant | : | No. 3362 EDA 2017 |

Appeal from the PCRA Order September 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013582-2008

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:               **FILED FEBRUARY 12, 2019**

Appellant, Darryl Debnam, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied on the merits his first and timely petition filed pursuant to the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of the case are as follows:

> On July 15, 2008, [Appellant] was arrested and charged with burglary of the home of Debra Watts.  On July 21, 2009, [Appellant] was tried by this [c]ourt sitting with a jury.  [Appellant] was represented at the jury trial by Linda King, Esquire.  During trial, defense witness, Barry Graham, testified that he and [Appellant] previously had been to the home of Ms. Watts on numerous occasions when she was present.  Mr. Graham further testified that on July 15, 2008, Ms. Watts had allowed him and [Appellant] into her home before getting into a dispute over drugs.  After [Appellant] refused to give Ms. Watts drugs, Mr. Graham testified that he and [Appellant] left the premises. The trial concluded with the jury unable to reach a verdict.  As a result, a new trial was scheduled for November 2, 2009.

On November 2, 2009, the second jury trial was conducted in *absentia* as [Appellant] was not present and his whereabouts were unknown. [Appellant] was once again represented by Linda King, Esquire. Prior to the second trial, defense counsel was unable to make contact with Mr. Graham and therefore did not call Mr. Graham as a witness. On November 5, 2009, the jury found [Appellant] guilty of burglary, and this [c]ourt issued a bench warrant for [Appellant] whose whereabouts remained unknown. On November 12, 2009, [Appellant] appeared before this [c]ourt at his contempt hearing for failure to appear at his November 2, 2009 trial. [Appellant] was sentenced to 2 months and 28 days to 5 months and 29 days confinement for being in contempt of court.

On January 29, 2010, after receipt of a presentence report, [Appellant] was sentenced to a term of 10 to 20 years' incarceration in state prison for the burglary of Ms. Watts' home. Additionally, [Appellant had] pled guilty to another count of burglary related to a separate charge and was sentenced to 4 years of reporting probation to run consecutive to his state sentence. [Appellant] appealed to the Superior Court questioning the sufficiency of the evidence and the [c]ourt's decision to conduct the trial in *absentia*. The Superior Court affirmed this [c]ourt's decision on May 31, 2012. [Appellant] then filed a petition for allowance of appeal to the Supreme Court, but [it] was denied on November 14, 2012.

On May 23, 2013, [Appellant] filed a timely *pro se* PCRA petition. David Rudenstein, Esq., was appointed counsel and filed an amended PCRA petition on October 10, 2014. An evidentiary hearing was held on August 18, 2017. After review of [Appellant's] *pro se* PCRA petition, counsel's amended petition, and notes of [trial] testimony, this [c]ourt dismissed [Appellant's] petition on September 18, 2017, as without merit. On October 17, 2017, [Appellant] appealed the dismissal to the Superior Court.

(PCRA Court Opinion, filed April 19, 2018, at 1-3) (some internal citations omitted). On November 7, 2017, the court ordered Appellant to file a concise

statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), no later than November 28, 2017. The order also stated that Appellant's non-compliance may be deemed a waiver of his appellate issues. The court sent proper notice of the order to counsel of record. The certified record, however, had no Rule 1925(b) statement listed on the docket or contained in the original documents. The record revealed no apparent irregularities in the Rule 1925(b) order or its service. Importantly, the PCRA court held a hearing on the merits of Appellant's petition and issued an opinion in support of its decision. Although neither the court nor the Commonwealth mentioned the Rule 1925 statement, the issue raised on appeal is presented in general terms; so we could not be sure if a remand would be unnecessary. Accordingly, we returned this matter briefly to the PCRA court to allow counsel to clarify the record, in the event counsel properly filed and served a Rule 1925(b) statement. If so, counsel was directed to verify the statement immediately as part of the certified record and ensure it was quickly forwarded electronically to this Court. If counsel for some reason had not filed and served the statement, we directed counsel straightaway to file and serve the statement *nunc pro tunc* within 7 days of remand. We gave the PCRA court 15 days to supplement its existing opinion or inform us that it intended to rely on the opinion as already written. We have received the necessary documents as part of the certified record and now proceed with the appeal.

Appellant raises the following issue for review:

DID THE PCRA COURT ERR WHEN IT DISMISSED THE AMENDED PETITION AND DENIED PCRA RELIEF, AFTER EVIDENTIARY HEARING, EVEN THOUGH [APPELLANT] SHOWED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). The PCRA court findings will not be disturbed if the certified record supports the court's findings. *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Dennis*, 609 Pa. 442, 457, 17 A.3d 297, 305 (2011). Where the record supports the PCRA court's credibility resolutions, they are binding on the reviewing court. *Id.*

After a thorough review of the record, the briefs of the parties, the

- 4 -

applicable law, and the well-reasoned opinion of the Honorable Genece E. Brinkley, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion at 9-12) (finding: at PCRA hearing, trial counsel testified that before re-trial, she requested investigator from public defender's office to locate missing witness, Mr. Barry Graham; trial counsel explained investigator was unable to locate Mr. Graham at his given address of record; trial counsel added she continued to try to contact Appellant to ask him about Mr. Graham's location, but Appellant was also missing at time of second trial; on first day of re-trial, investigator again went to Mr. Graham's home; for duration of re-trial, trial counsel's investigator could not locate Mr. Graham; trial counsel exercised reasonable diligence in attempting to locate witness; at time of Appellant's first trial, Mr. Graham was incarcerated and could not have avoided testifying at Appellant's trial; during re-trial, however, Mr. Graham was not in custody and could evade trial counsel to avoid testifying; Appellant did not submit evidence showing Mr. Graham was willing to testify at re-trial or that Mr. Graham would have testified at re-trial consistent with his testimony at Appellant's first trial; in other words, Appellant failed to show in any way that Mr. Graham's testimony at re-trial would have been helpful to his defense; for foregoing reasons, underlying claim regarding counsel's failure to obtain this witness for Appellant's second trial lacks arguable merit; further, Appellant failed to establish trial counsel

lacked reasonable basis for not obtaining Mr. Graham's testimony at re-trial; after learning Mr. Graham **and** Appellant would not appear at re-trial, counsel changed her trial strategy and mounted defense that Appellant thought Ms. Watts' home was abandoned and entered it only to seek shelter; so counsel chose not to attempt to have Mr. Graham declared "unavailable" in order to admit his former testimony, where Mr. Graham had testified at first trial that he and Appellant entered home to use illegal drugs; trial counsel strategically chose to omit Mr. Graham's former testimony and develop new defense theory; Appellant is unable to establish that Mr. Graham's testimony alone resulted in hung jury in first trial or that new jury in re-trial would have credited Mr. Graham's testimony; given that both Mr. Graham and Appellant failed to appear for second trial, trial counsel had reasonable basis to consider different defense strategy at re-trial and omit Mr. Graham's testimony altogether; even if Appellant could have proved his claim had arguable merit, which he did not, Appellant did not prove counsel lacked a reasonable basis to change strategy for second trial; finally, Appellant did not demonstrate Mr. Graham's testimony alone led to hung jury at first trial or that different jury panel would have believed Mr. Graham at second trial and outcome of trial would have been favorable to Appellant). The record supports the court's decision to deny Appellant PCRA relief on the grounds asserted. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/19