J-S29018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LG STREET | : | |
| | : | |
| Appellant | : | No. 338 WDA 2022 |

Appeal from the PCRA Order Entered February 17, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0000759-2018

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:      **FILED: SEPTEMBER 14, 2022**

LG Street (Appellant) appeals from the order dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

The PCRA court summarized the underlying facts and procedural history as follows:

> The charges stem from a "buy-bust" that was set up by undercover officers to purchase cocaine and heroin from [Appellant] on August 4, 2019.  Following the completion of the purchase of the drugs from [Appellant], officers moved in to arrest [Appellant], [Appellant] fled and a police chase ensued.  During the pursuit of [Appellant], [Appellant] fired a firearm at Detective

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541–9546.

[Calvin] Kennedy before ultimately being captured and arrested a short distance away.

* * *

[Appellant's] jury trial began on February 25, 2019, and on February 28, 2019, the jury returned a verdict of not guilty at Count 1 Criminal Attempt - Homicide, and guilty as to all other counts presented for their deliberation. On May 20, 2019, a stipulated non-jury [trial] was held on Count 8 (Person not to Possess), [after] which [the trial c]ourt returned a verdict of guilty. On May 20, 2019, following a sentencing hearing, [the trial c]ourt sentenced [Appellant to an aggregate term of 20 to 40 years in prison].

[Appellant] subsequently filed Post-Sentenc[e] Motions which were denied on August 12, 2019, and on September 11, 2019, [Appellant] filed a Notice of Appeal. On September 25, 2020, the Superior Court affirmed the judgment of sentence in part and vacated the sentence at Count 10 for possession of Cocaine and remanded the issue for [the trial court] to correct the clerical error at Count 11 for Possession with Intent to Deliver a Non-Controlled Substance. A Petition for Allowance of Appeal was filed in the Pennsylvania Supreme Court which was denied on April 7, 2021.

On or about May 10, 2021, [Appellant] filed a *pro se* Petition for [PCRA] relief. This Court appointed Attorney Suzanne Swan, Esquire, to represent [Appellant] in his PCRA proceedings. On or about December 13, 2021, [Appellant,] through Attorney Swan, filed an Amended PCRA Petition. On or about January 12, 2022, the Commonwealth filed an Answer to [Appellant's] Amended PCRA Petition. On or about January 27, 2022, [the PCRA c]ourt issued a Notice of Intent to Dismiss and on February 17, 2022, [the PCRA c]ourt denied [Appellant's] PCRA Petition. On March 18, 2022, [Appellant] filed a Notice of Appeal and on April 4, 2022, [Appellant] filed his Concise Statement of Matters Complained of on Appeal.

PCRA Court Opinion, 5/16/22, at 3-5 (footnotes omitted).

On appeal, Appellant raises a single issue:

DID THE [PCRA] COURT ABUSE ITS DISCRETION IN DENYING THE PCRA PETITION, AS AMENDED, WHERE [APPELLANT]

ESTABLISHED THAT COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE A CLAIM ON APPEAL THAT THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] WAS GUILTY OF COUNT 2 — ASSAULT OF A LAW ENFORCEMENT OFFICER, AS THE EVIDENCE WAS INSUFFICIENT TO PROVE EVERY ELEMENT BEYOND A REASONABLE DOUBT, PARTICULARLY THE REQUISITE INTENT TO CAUSE BODILY INJURY TO DETECTIVE KENNEDY?

Appellant's Brief at 4.

We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

> We recognize
>
> the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

*Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

When an appellant alleges that direct appeal counsel was ineffective, we begin with the presumption that counsel is effective. To prevail on an ineffectiveness claim, [a]ppellant must satisfy, by a

preponderance of the evidence, the performance and prejudice standard set forth in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has divided the performance component of **Strickland** into two subparts dealing with arguable merit and reasonable strategy. **Commonwealth v. Baumhammers**, 625 Pa. 354, 92 A.3d 708, 719 (Pa. 2014); **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975-77 (Pa. 1987). With regard to "reasonable basis" in the appellate context, "[i]t is well settled that appellate counsel is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes pose a greater likelihood of success." **Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032, 1043 (Pa. 2012). **See also Commonwealth v. Robinson**, 581 Pa. 154, 864 A.2d 460, 479 n.28 (Pa. 2004), *cert denied*, 546 U.S. 983, 126 S.Ct. 559, 163 L.Ed.2d 470 (2005) ("Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (quoting **Smith v. Murray**, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). **Accord Jones v. Barnes**, 463 U.S. 745, 746, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). To establish **Strickland**/**Pierce** prejudice in the appellate representation context, the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance.

**Commonwealth v. Blakeney**, 108 A.3d 739, 749-50 (Pa. 2014). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim."

**Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted).

Appellant argues direct appeal counsel was ineffective for failing to challenge the sufficiency of the evidence supporting Appellant's conviction of

- 4 -

assaulting a law enforcement officer. Appellant claims the evidence was insufficient "because the Commonwealth failed to prove [Appellant] caused or attempted to cause … bodily injury against Officer Kennedy." Appellant's Brief at 9.

A sufficiency challenge is reviewed for a determination of "whether the evidence at trial, and all reasonable inferences derived therefrom, **when viewed in the light most favorable to the Commonwealth as verdict winner**, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. May*, 887 A.2d 750, 753 (Pa. 2005) (citation omitted, emphasis added). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

The Crimes Code defines assault of a law enforcement officer, in pertinent part, as follows:

> A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm.

18 Pa.C.S.A. § 2702.1.

Accordingly, the Commonwealth must prove:

(1) the defendant attempted to cause, or intentionally or knowingly caused, bodily injury, (2) the victim was a law enforcement officer acting in the performance of his duty, (3) the defendant had knowledge the victim was a law enforcement officer, and (4) in attempting to cause, or intentionally or knowingly causing such bodily injury, the defendant discharged a firearm.

*Commonwealth v. Landis*, 48 A.3d 432, 445 (Pa. Super. 2012) (*en banc*).

Actual bodily injury is not necessary to sustain a conviction under Section 2702.1 if the Commonwealth presents evidence that the defendant **attempted to cause** bodily injury. *See id.* Criminal attempt "requires a showing of some act, albeit not one actually causing bodily injury, accompanied by an intent to inflict bodily injury upon a law enforcement officer by discharging a firearm." *Id.* at 446. We have explained:

An intent is a subjective frame of mind, it is of necessity difficult of direct proof[.] [W]e must look to all the evidence to establish intent, including, but not limited to, [the defendant's] conduct as it appeared to his eyes[.] Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances. The intent for attempt may be shown by circumstances which reasonably suggest that a defendant intended to cause [bodily] injury. Thus, in order to prove an attempt under Section 2702.1, the Commonwealth must demonstrate both a substantial step plus an intent to cause bodily injury to a law enforcement officer by discharging a firearm.

*Landis*, 48 A.3d at 446 (quotation marks and citations omitted).

Appellant acknowledges that the evidence must be viewed in the light most favorable to the Commonwealth, yet cites his trial testimony as his basis for relief. *See* Appellant's Brief at 14 ("[Appellant] initially was carrying a gun

on his hip. As he was jumping over a fence, he hit his side on the fence and the gun went off." (citations omitted)); *id.* at 12-17. When an appellant views the evidence in the light most favorable to himself, he is not entitled to relief. *See, e.g., Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010); *see also Commonwealth v. Emler*, 903 A.2d 1273, 1277 (Pa. Super. 2006) (where defendant's arguments "focus upon evidence viewed in a light most favorable to himself," he ignores the proper standard of review).

The Allegheny County Public Defender's Office represented Appellant at trial and on direct appeal. The record reflects that Appellant's counsel raised seven issues in Appellant's Rule 1925(b) statement, including a challenge to Appellant's conviction of assault of a law enforcement officer based on the Commonwealth's failure to prove "requisite intent to cause bodily injury to Detective Kennedy." Concise Statement of Errors Complained of on Appeal, 11/5/19, at 6-8. The trial court addressed the issue, observing:

> Specifically, Detective Kennedy testified that [Appellant] continued to avoid apprehension despite the Detective announcing "Pittsburgh Police, stop" while pursing [Appellant] with his lights in his vehicle on. Detective Kennedy testified that a foot pursuit subsequently ensued. Detective Kennedy then testified as follows:
>
> > A [Detective Kennedy]: … I go through the gate, [Appellant] is stumbling to get up from the ground.
> >
> > Q [The Commonwealth]: Is that after he has jumped the fence and the hedge?
> >
> > A: That is correct.
> >
> > Q: Okay.

A: I approach him … in the rear yard. That's when he gets up, he turns with his right hand, brandishes a black semi-automatic firearm and fires one shot.

Q: About how close to him were you when he turned and fired the firearm?

A: I would say approximately twelve feet.

Q: Okay. And could you tell if the gun was pointed at you?

A: Yes.

[N.T., 2/25-28/19, at 127-28]. Accordingly, the Commonwealth presented sufficient evidence to support the jury's verdict of guilty as to Count 2 Assault of a Law Enforcement Officer where Detective Kennedy testified that he observed [Appellant] point and shoot a firearm at him while in pursuit of [Appellant]. Additionally, Detective Kennedy testified that he made his status as a police officer known to [Appellant]. As such, [Appellant's] fourth issue on appeal is without merit.

Trial Court Opinion, 1/10/20, at 9-10.

Counsel did not pursue the sufficiency issue with this Court on direct appeal. *See Commonwealth v. Street*, 240 A.3d 969 (Pa. Super. Sep. 25, 2020) (unpublished memorandum at *2). Thereafter, the PCRA court determined Appellant's corresponding ineffectiveness claim lacked merit because the sufficiency issue lacked merit, and would not have resulted in a different outcome on direct appeal. The PCRA court explained:

Viewing the evidence in the light most favorable to the Commonwealth and taking all reasonable inferences in favor of the Commonwealth (*see Commonwealth v. Hall*, 830 A.2d 537 (Pa. 2003)), the Commonwealth presented sufficient evidence to sustain the conviction. [Appellant] concedes [that] Detective Kennedy was a law enforcement officer in the performance of his duty at the time of the incident. The Commonwealth presented

evidence from Detective Kennedy that [Appellant] pointed the gun at him prior to the shots being fired. This is in direct contradiction to [Appellant's] testimony that he dropped the gun while running and the gun accidently discharged. Clearly, the jury did not find [Appellant's] testimony credible or persuasive. Further, the Commonwealth presented sufficient evidence to prove that [Appellant] knew that the victim was a law enforcement officer. Contrary to [Appellant's] testimony that he was unaware he was being pursued by the police, Detective Kennedy provided ample testimony to support the contention that he knew or should have known this. After the buy-bust was conducted by Detective [Mark] Kneebone, Detectives [Thomas] Gorecki and Kennedy pursued [Appellant]. Detective Gorecki observed [Appellant] hiding in some bushes[; Detective Gorecki was wearing] his badge and announced, "Pittsburgh Police, you're under arrest." [Appellant] subsequently ran. Detective Kennedy pursued [Appellant] in an unmarked car with his lights on. Once stopped, Detective Kennedy rolled down his window approximately three feet from [Appellant] and said "Pittsburgh Police, stop." Detective Kennedy then pursued [Appellant] with his badge displayed around his chest after which Detective Kennedy testified that [Appellant] pointed a gun at him and fired the firearm.

Viewing all the evidence in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth presented sufficient evidence to uphold the conviction for Assault of a Police Officer.

PCRA Court Opinion, 5/16/22, at 6-7.

The record supports the PCRA court's reasoning. In finding Appellant guilty of assault of a law enforcement officer, the jury ostensibly credited Detective Kennedy's testimony that he identified himself to Appellant as a police officer and displayed his badge. *See* N.T., 2/25-28/19, at 124-26. The jury further credited Detective Kennedy's testimony that Appellant pointed a gun at him and fired. *Id.* at 128. Likewise, the jury rejected Appellant's testimony that he was unaware officers were chasing him when the gun

accidentally discharged. *Id.* at 334-43. We may not reweigh the evidence or substitute our judgment for that of the jury.

Moreover, the record indicates that direct appeal counsel properly engaged in the "winnowing process" discussed above. *Blakeney, supra*. Counsel raised seven issues in Appellant's Rule 1925(b) statement, but only argued two issues in the appellate brief, including the legality of sentence issue which garnered relief. *See Commonwealth v. Street*, 240 A.3d 969 (Pa. Super. Sep. 25, 2020) (unpublished memorandum at *4). "Appellate counsel need not (and should not) raise every … claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Commonwealth v. Williams*, 141 A.3d 440, 463 (Pa. 2016). We cannot fault counsel for failing to pursue a baseless sufficiency claim.

For the above reasons, the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2022