J-S34042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMENIQUE JAMES LEWIS | : | |
| | : | |
| Appellant | : | No. 9 WDA 2023 |

Appeal from the PCRA Order Entered November 29, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0008184-2010

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                 **FILED: October 5, 2023**

Domenique James Lewis (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

In a prior decision, this Court set forth the underlying facts and procedural history:

> At trial, Megan [Wilsher] testified that on February 26, 2010, while [Appellant, who was age 17,] was sitting in her living room, he stood up, pulled out a gun, smiled at her, and fired at her.  [Wilsher] testified [Appellant] shot her in the face, and after she fell, he shot her again.  Wilsher lost her right eye [because of] the shooting.  In corroboration of this testimony, the Commonwealth presented evidence that [Appellant's] fingerprints were found on a Coke can recovered from the scene.
>
> Furthermore, the Commonwealth, through the testimony of Detective Scott Evans, introduced a recorded statement made by [Appellant] to police, in

which he admitted that on February 26, 2010, he had engaged in a struggle with Brett Quinn over a gun that discharged in the living room; he took the gun and fired at Quinn multiple times, chased him and took his chain and watch; returned to the house where he took $400 to $500 dollars from Wilsher's purse, as well as her cellular phone; and then disposed of the gun.

*Commonwealth v. Lewis*, 358 WDA 2012, at 6–7 (Pa. Super. 2013) (unpublished memorandum, citations omitted, brackets in original).

Following a jury trial, Appellant was convicted of one count of carrying a firearm without a license, and two counts each of the following crimes: criminal attempt—murder, aggravated assault, and robbery. The trial court imposed an aggregate sentence of thirty-three and one-half to sixty-seven years['] incarceration, and we affirmed his judgment of sentence. *Id.* Our Supreme Court denied further review. *Commonwealth v. Lewis*, 74 A.3d 1030 (Pa. 2013).

Appellant filed a timely PCRA petition, which was denied. On appeal, we *sua sponte* vacated and remanded for resentencing consistent with [*Alleyne v. United States*, 570 U.S. 99 (2013), because] Appellant's sentence included the imposition of a mandatory minimum sentence. Upon remand, the trial court imposed the same aggregate sentence, albeit structured in a different manner. Appellant filed a post-sentence motion, which was denied.

*Commonwealth v. Lewis*, 175 A.3d 1065 (Pa. Super. 2017) (unpublished memorandum at 1-2).

On August 10, 2017, this Court affirmed the judgment of sentence. *Id.* In so doing, we rejected Appellant's claims that his sentence was manifestly excessive and that his aggregate sentence violated the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). *Id.* (unpublished memorandum at 5-14). The Pennsylvania Supreme Court denied Appellant's

petition for leave to appeal. ***Commonwealth v. Lewis***, 184 A.3d 150 (Pa. 2018).

On May 1, 2019, Appellant timely filed the instant PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition. On June 29, 2022, the PCRA court issued notice of intent to dismiss the petition without a hearing. ***See*** Pa.R.Crim.P. 907. Appellant filed a response. The PCRA court dismissed the petition on November 29, 2022. Appellant filed this timely appeal.[1]

Appellant raises a single issue:

> [Did t]he PCRA court err[] in denying relief where prior counsel[2] was ineffective for failing to argue that the sentence imposed constituted cruel and unusual punishment and violated [Appellant's] equal protection rights[?]

Appellant's Brief at 4 (footnote added).

We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of

---

[1] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On December 28, 2022, the court issued an order adopting its Rule 907 notice *in lieu* of an opinion.

[2] Attorneys from the Allegheny County Public Defender's Office represented Appellant at resentencing and on direct appeal from resentencing.

the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

> [T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."

***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011) (citations omitted).

Appellant claims that resentencing and appellate counsel were ineffective. The Pennsylvania Supreme Court has stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the ***Pierce*** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations modified). "Counsel cannot be found ineffective for failing to pursue a

baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted). With respect to ineffective assistance of appellate counsel, "the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014).

Appellant first contends that resentencing and appellate counsel were ineffective for failing to argue that Appellant's sentence "constitutes cruel and unusual punishment." Appellant's Brief at 13; ***see id.*** at 13-14. Appellant cites, without explanation, ***Miller***, ***supra***, ***Montgomery v. Louisiana***, 577 U.S. 190, 195 (2016), and ***Roper v. Simmons***, 543 U.S. 551 (2005), to support his claim. ***Id.***

An individual's right to be free from cruel and unusual punishment is a nonwaivable challenge to the legality of the sentence. ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014).

> The Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather, it forbids only extreme sentences that are grossly disproportionate to the crime.
>
> In ***Commonwealth v. Spells***, [ ] 612 A.2d 458, 462, 417 Pa. Super. 233 (1992) (*en banc*), this Court applied the three-prong test for Eighth Amendment proportionality review set forth by the United States Supreme Court in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637[ ] (1983):
>
>> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the

- 5 -

harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Spells*, 612 A.2d at 462 (quoting *Solem*, 463 U.S. at 292[ ] ). However, this Court is not obligated to reach the second and third prongs of the *Spells* test unless a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.

*Commonwealth v. Lankford*, 164 A.3d 1250, 1252-53 (Pa. Super. 2017) (some citations and quotation marks omitted).

Here, Appellant neither mentions nor discusses the *Spells* test. *See* Appellant's Brief at 13-14. Further, he does not meaningfully address any of the three prongs necessary to establish an ineffectiveness claim under the PCRA. *Wholaver*, *supra*. Appellant fails to develop his ineffectiveness claims beyond the bald allegations set forth above. He presents no argument as to whether counsel had a reasonable basis for not raising an Eighth Amendment claim. Appellant also fails to demonstrate prejudice[3] resulting from counsel's allegedly deficient performance.[4] Claims of ineffective assistance of counsel

_____

[3] This claim may be previously litigated.

[4] We previously rejected Appellant's challenge to his sentence as unreasonable and excessive:

First, a sentence that is within the standard range of the guidelines, let alone below the mitigated range [as in this case], is generally viewed as appropriate under the Sentencing Code. [*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010)]. Appellant's only real complaint regarding the length of

*(Footnote Continued Next Page)*

are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002). Thus, Appellant has failed to establish that resentencing and appellate counsel were ineffective. We discern no error on the part of the PCRA court in denying relief on this claim.

Appellant also argues resentencing and appellate counsel were ineffective for failing to argue that his sentence violated his equal protection rights. Appellant's Brief at 14-15. Appellant's argument consists of five sentences without citation to pertinent authority. He again fails to discuss or develop the ineffectiveness prongs. Thus, Appellant's ineffectiveness claim fails. ***See Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008)

---

> his sentence is [his claim that the sentence violated] ***Miller*** [], which we have rejected, in conjunction with an argument that "[a] sentence for third-degree homicide could be shorter than the sentence [Appellant] received." Appellant's brief at 29. This point diminishes the nature of Appellant's crimes. Third-degree homicide, unlike attempted murder, is not a specific-intent crime. Appellant was found to have intended to kill both victims. He twice shot a woman who had invited him into her home, for apparently no reason whatsoever. He chased his friend, who had accompanied him to the victim's home, and tried to kill him as well. These brutal acts justified a lengthy sentence, and Appellant, who managed to amass a prior record score of five by age seventeen, failed to convince the court that a lesser sentence was warranted. After review of the four 42 Pa.C.S. § 9781(d) factors, we uphold that sentence, and we, therefore, find no abuse of discretion.

***Commonwealth v. Lewis***, 175 A.3d 1065 (unpublished memorandum at 13-14).

(where appellant fails to prove any one prong of the ineffectiveness test, he does not meet his burden, and counsel is deemed constitutionally effective).

Appellant's claims of counsels' ineffectiveness lack merit. As such, the PCRA court did not err in dismissing Appellant's PCRA petition. **Hanible**, 30 A.3d at 452.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/5/2023