J-S45013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY CARTER, | |
| Appellant | No. 3317 EDA 2018 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005083-2015

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED OCTOBER 07, 2019**

Appellant, Jeffrey Carter, appeals from the post-conviction court's order

denying his first, timely petition under the Post Conviction Relief Act, 42

Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of Appellant's case, as follows:

> On the evening of April 15, 2012, [Appellant] and Antwine
> Holder went to rob the decedent, David Cintron, in his camper that
> was parked outside of the Renaissance Apartments at 4200
> Woodhaven Road in Philadelphia.  [Appellant] and Holder knew
> Cintron because Cintron sold drugs to them.  During the course of
> the robbery, Cintron was shot in the lower back.  After being shot,
> Cintron crawled out of his camper and entered an apartment on
> the ground level of the Renaissance Apartments through the living
> room window.  Later, police officers discovered Cintron's body in
> the living room of the apartment.  The medical examiner

_____

[*] Retired Senior Judge assigned to the Superior Court.

determined that the cause of death was the gunshot wound to his lower back.

Philadelphia police detectives then conducted an investigation of the shooting. Detectives interviewed Holder, Brian Camacho, and [Appellant's] then-girlfriend, Jennifer Patton. All three individuals told detectives that [Appellant] and Holder planned to go to the camper to rob Cintron, and that Cintron was shot during the course of the robbery. Moreover, the three also told detectives that after the robbery and shooting, [Appellant] and Holder returned to their apartment, where Camacho and Patton also had been staying. There, [Appellant] stated that the robbery "wasn't supposed to go down like that," and that he did not know what he was thinking. [Appellant] also told Camacho and Patton not to contact him, not to call the police, and to keep quiet.

PCRA Court Opinion (PCO), 2/15/19, at 1-2 (citations to the record omitted).

On March 18, 2016, Appellant entered a negotiated guilty plea to third-degree murder and possession of a firearm by a person prohibited. That same day, the court imposed the agreed-upon, aggregate sentence of 18 to 40 years' imprisonment. Appellant did not file a direct appeal.

Instead, on April 13, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed and an amended petition was filed on February 8, 2018. Therein, Appellant alleged that his trial counsel acted ineffectively by coercing him into pleading guilty. On August 24, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond, and on October 18, 2018, the court issued an order dismissing his petition.

Appellant filed a timely notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of

errors complained of on appeal. The PCRA court filed a Rule 1925(a) opinion on February 15, 2019. Herein, Appellant states one issue for our review: "Did the … PCRA [c]ourt err when it denied [Appellant's] [p]etition for [r]elief without granting a hearing?" Appellant's Brief at 3.

We begin by recognizing that:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa. Super. 2011), *appeal denied,* 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007), *appeal denied,* 593 Pa. 754, 932 A.2d 74 (2007). "[A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008); Pa.R.Crim.P. 907(1).
>
> "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007), *appeal denied,* 594 Pa. 685, 934 A.2d 72 (2007).

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015).

In this case, Appellant contends that the PCRA court erred by not conducting an evidentiary hearing on his claim that his trial counsel coerced him into pleading guilty. According to Appellant, "[t]he [c]ourt needed to hear from [him] as to his mental state at the time of the [p]lea and the [c]ourt

should have heard from trial counsel so that all the information could be before the [c]ourt." Appellant's Brief at 9. However, Appellant makes only bald claims regarding how, exactly, his trial counsel ostensibly coerced him to plead guilty. For instance, he states that counsel overcame his will, and substituted counsel's own judgment for that of Appellant, yet Appellant offers no explanation of *how* counsel did this. **See id.** Similarly, Appellant claims that his counsel used "psychological coercion" to force him to plead guilty, but he does not specify what tactics counsel used to do so. **Id.** at 8.

When considering Appellant's bald assertions of coercion by his trial counsel against the record of his guilty plea colloquy, it is apparent that Appellant has not established an issue of material fact warranting a PCRA hearing. Namely, as the PCRA court observes:

> The record of the guilty plea colloquy … refutes [Appellant's] claim that counsel coerced or threatened him into entering his plea, and establishes that [Appellant's] plea was both knowing and voluntary. **See** N.T.[,] 3/18/2016[,] at 5-21. First, after the [c]ourt asked [Appellant] whether he had completed and signed the written guilty plea colloquy form of his own free will, [Appellant] affirmed that he had. [**Id.**] at 6. Next, [Appellant] acknowledged that he understood his right to a trial, the Commonwealth's burden of proof at trial, that he was presumed to be innocent of all charges brought against him by the Commonwealth, and that he was not required to plead guilty. [**Id.**] at 7, 9-12. While discussing the terms of the negotiated plea agreement, the [c]ourt informed [Appellant] that in exchange for [his] pleading guilty, the Commonwealth would drop the first and second degree murder charges, each of which would carry a mandatory sentence of life imprisonment without parole. [**Id.**] at 19. After the [c]ourt stated the plea agreement on the record, [Appellant] specifically denied that anyone had promised him anything, or threatened him in anyway, or forced him to plead guilty. [**Id.**] at 20. [Appellant] affirmed that he was pleading

- 4 -

guilty of his own free will and that he was satisfied with [his counsel's] representation. [***Id.***] at 20-21.

Accordingly, [Appellant's] claim that he was coerced into pleading guilty is refuted by his own statements, under oath, during the plea colloquy. Moreover, there is no evidence in the record to suggest that [Appellant's] guilty plea was in any manner unknowing or involuntary. No relief is due.

PCO at 5-6.

Given Appellant's failure to identify any specific ways in which his trial counsel allegedly coerced him into entering his guilty plea, the record supports the PCRA court's decision to dismiss his ineffectiveness claim without a hearing.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/19