**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HALIM RAYSHAWN BOWEN | : | |
| | : | |
| Appellant | : | No. 86 MDA 2021 |

Appeal from the PCRA Order Entered December 9, 2020
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000098-2014

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 13, 2021**

Appellant, Halim Rayshawn Bowen, appeals from the order entered in the York County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously set forth the relevant facts of this case as follows:

> In December 2014, a jury convicted Appellant of First-Degree Murder, based on evidence that he intentionally killed the victim by gunshot to the back during an altercation at a bar. The trial court sentenced Appellant to life imprisonment without the possibility of parole. Appellant timely appealed, and this Court affirmed the Judgment of Sentence. The Pennsylvania Supreme Court denied Appellant's Petition for further review [on September 27, 2016].
>
> In October 2017, Appellant timely and *pro se* filed a Petition for collateral relief, in relevant part challenging the constitutionality of his Murder charge, the legality of his sentence, and asserting ineffective assistance of trial

counsel. The PCRA court appointed counsel, who filed an amended Petition asserting two additional claims of ineffective assistance of trial counsel. In July 2018, the PCRA court held an evidentiary hearing but deferred a final decision on the merits.

\* \* \*

In September 2019, the PCRA court denied Appellant relief. ***Commonwealth v. Bowen***, No. 1604 MDA 2019, unpublished memorandum at 1-3 (Pa.Super. filed June 30, 2020) (internal footnote and citations omitted). On June 30, 2020, this Court affirmed the order denying PCRA relief. ***See id.*** Appellant did not seek further review.

On July 13, 2020, Appellant filed his current *pro se* PCRA petition. In the petition, Appellant challenged the legality of his sentence and the effectiveness of prior counsel. On October 28, 2020, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a *pro se* objection to the Rule 907 notice, dated November 15, 2020, baldly asserting that he timely filed the current petition. Without the court's permission, Appellant filed an amended petition on November 25, 2020. In the amended petition, Appellant first attempted to invoke the newly-discovered fact exception to the timeliness requirements of the PCRA. On December 9, 2020, the court denied PCRA relief.

Appellant timely filed a *pro se* notice of appeal on January 8, 2021. On January 13, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed

his Rule 1925(b) statement on January 27, 2021.

Appellant raises one issue for our review:

> Does [Appellant] qualify for the exception to the PCRA time limitations pursuant to 42 Pa.C.S. § 9545(b)(1)(ii)?

(Appellant's Brief at 4).

Appellant argues that his amended petition included an affidavit from one of the Commonwealth's trial witnesses, Tyson Hartzog, which constituted a newly-discovered fact in his case. Appellant insists that the affidavit undermined the Commonwealth's theory that Appellant committed the shootings on the night in question. Additionally, Appellant asserts that he exercised due diligence in attempting to obtain the affidavit. Appellant concludes he satisfied the newly-discovered fact exception to the PCRA time bar, and this Court should vacate the order denying PCRA relief. We disagree.

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Additionally, a PCRA petitioner must file his petition within the relevant statutory window.  *See* 42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence."  **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015).  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  **Commonwealth v. Carr**, 768 A.2d 1164

(Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Monaco***, 996 A.2d 1076 (Pa.Super 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). Additionally, "[t]he focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Burton***, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted).

Instantly, Appellant's judgment of sentence became final on or about December 26, 2016, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal. ***See*** U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety (90) days after entry of judgment by state court of last resort). Appellant filed the current *pro se* petition on July 13, 2020, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

In the current petition, Appellant raised claims of ineffective assistance of counsel and challenged the legality of his sentence. Appellant, however, did not plead or prove the applicability of an exception for the timeliness requirements of the PCRA. ***See Commonwealth v. Taylor***, 933 A.2d 1035 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (reiterating PCRA petitioner raising statutory exception to timeliness requirements must affirmatively plead and prove exception). Likewise, Appellant's *pro se* response to the court's Rule 907 notice did not include any

- 5 -

argument regarding the applicability of a time bar exception.

Although Appellant did include an argument about the newly-discovered fact exception in the amended petition filed on November 25, 2020, the record does not indicate that Appellant obtained the court's permission prior to filing this amendment. As such, Appellant did not preserve the argument contained therein. **See Commonwealth v. Mason**, 634 Pa. 359, 130 A.3d 601 (2015) (stating PCRA petitioner can preserve claim by including it in court-approved amendment to original PCRA petition).

Moreover, even if Appellant had obtained the court's permission to file an amended petition, the PCRA court explained that no relief would be due:

> [The c]ourt notes [Appellant] filed an Amended PCRA Petition on November 25, 2020, alleging a key witness in the case perjured himself. [Appellant] attached an affidavit, claiming to be from the witness, recanting his trial testimony. [Appellant] argues that this is a **Brady**[1] violation.
>
> \* \* \*
>
> While [Appellant] does state his belief that the Commonwealth "undermined the outcome of the trial and deprived [him] of a fair trial," he does not state how interference by the Commonwealth resulted in his failure to present this claim in a timely manner. Nor does he state any facts regarding his due diligence in bringing this allegedly newly discovered evidence to light within the year allotted to him under the PCRA statutes.

(Order and Opinion, filed December 9, 2020, at 1-2). We accept this analysis

_____

[1] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

and emphasize that the record is devoid of any evidence of Appellant's due diligence in obtaining the affidavit at issue. Absent more, the PCRA court properly dismissed the current petition. *See Hackett, supra; Robinson, supra*. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/13/2021