J-S29029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMONE PIERCE | : | |
| | : | |
| Appellant | : | No. 284 WDA 2022 |

Appeal from the PCRA Order Entered February 2, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0008454-2018

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: OCTOBER 17, 2022**

Ramone Pierce (Appellant) appeals from the order dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

In our memorandum on direct appeal, we summarized:

Appellant's convictions arise out of a controlled purchase of narcotics by a confidential informant (CI), which occurred on May 8, 2018 (the "May 8 controlled buy").  On that date, police observed Appellant exit his residence, enter his white Chrysler 300, and drive to a nearby restaurant to conduct the pre-arranged drug transaction.  In the parking lot of the restaurant, the CI entered Appellant's car and purchased a plastic bag containing approximately 7 grams of narcotics, with $1,250 in pre-recorded U.S. currency. … The police subsequently apprehended Appellant and charged him with two counts of [possession with intent to deliver (PWID)] and other drug charges.

* * *

_____

[*] Retired Senior Judge assigned to the Superior Court.

> At trial, the CI was not called to testify on behalf of the Commonwealth, purportedly out of concern for the CI's safety. The defense attacked the credibility of the CI and his or her account that Appellant had sold narcotics to the CI. The defense emphasized that no other witness implicated Appellant in the May 8 controlled buy, and the police did not recover any narcotics, contraband, or pre-recorded buy money during a subsequent search of Appellant's residence.
>
> The jury found Appellant guilty of two counts of PWID[.] … The jury acquitted Appellant of the remaining drug charges.

*Commonwealth v. Pierce*, 2020 WL 1490968, at *1-2 (Pa. Super. Mar. 27, 2020) (unpublished memorandum), *appeal denied*, 238 A.3d 343 (Pa. 2020).

This Court affirmed the judgment of sentence in part and vacated in part as to one count of PWID. We held, in accordance with our decision in *Commonwealth v. Ramsey*, 214 A.3d 274 (Pa. Super. 2019), that Appellant's sentence on two counts of PWID was illegal because "the charges pertained to a single compound mixture comprised of two inseparable controlled substances." *Pierce*, *supra* at *2. Thus, we vacated one of the sentences for PWID. *Id.* at *3. Because the sentences were to run concurrently, our decision did not upset the overall sentencing scheme, and we did not remand for resentencing. *Id.* at *3 n.7. On September 8, 2020, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *See Pierce*, 238 A.3d 343.

Appellant filed a timely *pro se* PCRA petition on August 2, 2021. The PCRA court appointed counsel, who filed an amended petition on November

13, 2021. On January 10, 2022, the PCRA court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. On January 31, 2022, Appellant filed a counseled response asserting that his ineffective assistance of counsel claims merited relief, and the PCRA court could not dismiss the petition without holding a hearing. Response, 1/31/22, at 2 (unnumbered). The PCRA court dismissed the petition on February 2, 2022. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Did the PCRA Court err in dismissing the Appellant's [PCRA p]etition without a hearing when trial counsel was ineffective for failing to object to prohibited, prejudicial hearsay testimony related to the [CI's] speculation that he was in danger of assault or homicide when this testimony resulted in the Appellant's convictions?

2. Did the PCRA Court err in dismissing Appellant's [PCRA p]etition without a hearing where trial counsel failed to *voir dire* Juror 11 who was excused to attend to a family medical emergency but remained through deliberations when this panelist was unable to perform her role as a fair and impartial juror, impacting the outcome of the proceedings?

Appellant's Brief at 5.

We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of

the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

We recognize:

[T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004).

***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011).

In both issues, Appellant argues ineffectiveness of trial counsel. Our Supreme Court has stated:

It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the ***Pierce*** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations modified). "Counsel cannot be found ineffective for failing to pursue a

- 4 -

baseless or meritless claim." **Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted).

In his first issue, Appellant claims trial counsel was ineffective for failing to object to the testimony of Police Officer Jason Moss regarding the CI's "speculation that he was in danger of assault or homicide when this testimony resulted in Appellant's conviction." Appellant's Brief at 14. We disagree.

The following principles guide our review:

> With regard to evidentiary challenges, it is well established that [t]he admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused, and it is the duty of the appellate court to correct the error.

**Commonwealth v. Serrano**, 61 A.3d 279, 290 (Pa. Super. 2013) (citation and quotation marks omitted).

The Pennsylvania Rules of Evidence provide that "[a] relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402.

In addition,

> [h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). Thus, any out of court statement offered not for its truth but to explain the witness's course of conduct is not hearsay. **Commonwealth v. Rega**, 593 Pa. 659, 933 A.2d 997, 1017 (Pa. 2007)[, *cert. denied*,

128 S.Ct. 1879 (2008] (citing **Commonwealth v. Sneed**, 514 Pa. 597, 526 A.2d 749, 754 (Pa. 1987)).

**Commonwealth v. Johnson**, 42 A.3d 1017, 1035 (Pa. 2012) (internal quotation marks omitted).

Police Officer Jason Moss was the lead investigator in the May 8 controlled buy. Trial counsel questioned Officer Moss extensively about the police failure to record the telephone conversations between the CI and Appellant; the search of the CI's car; and the details pertaining to the May 8 transaction. **See**, **e.g.**, N.T., 3/14-15/19, 85-86; **id.** at 87-92.

On redirect, the Commonwealth questioned Officer Moss:

Q [The Commonwealth]. Okay. So [trial counsel] asked you why the search of the car was not videotaped. Can you explain that for the folks of the jury why that wasn't videotaped?

A [Officer Moss]. I mean, the focus is getting down there and not being detected. I mean, to get down there, [to] happen to have a camera or a cell phone, whatever, I don't know how good it would be. Truly, I've never seen anybody do it.

Q. Well, you're aware that if something was recorded, that would have to be provided to [Appellant] in discovery?

A. Correct, and then it would show -- it would show the CI's vehicle, and obviously, then, the CI would be found out.

Q. And what happens if the CI gets found out?

A. They're certainly in danger.

Q. Of what?

A. Of assault or homicide.

*Id.* at 100.[1]

While Appellant cites the three-part test from ***Strickland v. Washington***, 466 U.S. 668, 687 (1984), for determining counsel's ineffectiveness, he does not discuss the first two prongs other than to state that they "are easily met." Appellant's Brief at 14. Further, Appellant provides no legal support for his contention that Officer Moss's testimony constituted inadmissible hearsay. *Id.* at 14-16. Because Appellant has not discussed the first two prongs of the test or provided legal support for his claim, his claim of trial counsel's ineffectiveness fails. ***See Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008) (where appellant fails to prove any one prong of the ineffectiveness test, he does not meet his burden, and counsel is deemed constitutionally effective).

Moreover, we agree with the PCRA court, which concluded:

These statements do not constitute hearsay since they were not made by the confidential informant but instead were made by

_____

[1] Appellant quotes other portions of the redirect examination of Officer Moss he believes were objectionable. ***See*** Appellant's Brief at 14-15. However, in his amended PCRA petition, Appellant claimed only that counsel was ineffective for failing to object to Officer Moss's testimony that the CI was "in danger of 'assault or homicide.' (T.T. Page 100, line 8)." Amended PCRA Petition, 11/13/21, at 7 (unnumbered). Thus, the PCRA court had no basis to address any other allegedly objectionable portions of Officer Moss's testimony. Accordingly, we limit our review to the question of whether trial counsel was ineffective for not objecting to Officer Moss's testimony at page 100, line 8, because an appellant waives on appeal issues not raised in the PCRA petition. ***See Commonwealth v. Lauro***, 819 A.2d 100, 103-04 (Pa. Super. 2003) (waiving five issues not in original or amended PCRA petition); Pa.R.A.P. 302(a).

Officer Moss as an expression of his opinion regarding what may happen if the identity of a confidential informant is revealed.

In addition, the statement was not offered for the truth of the matter asserted, but to explain the course of conduct of the police. The answer followed testimony by Officer Moss explaining that he did not record an incident because it would necessarily have involved filming information which could lead to the disclosure of a confidential informant. (TT 99-100). Since the testimony in question was not offered for the truth of the matter asserted, an objection lodged on that basis would have been overruled. A statement from a confidential informant to an officer to explain a course of conduct is admissible. *Commonwealth v. Estepp*, 17 A.3d 939 (Pa. Super. 2011). Since the underlying claim lacks merit, counsel was not ineffective in failing to raise the claim.

PCRA Court Opinion, 4/27/22, at 4.

Multiple decisions have held a police officer's testimony concerning an out of court statement is admissible to explain his course of conduct. *See Rega*, 933 A.2d at 1017. (trooper's testimony about what codefendant told trooper was not inadmissible hearsay, where Commonwealth introduced testimony to explain further investigation of codefendant and defendant); *Sneed*, 526 A.2d at 754 (police officer's testimony describing radio call which prompted his trip to the crime scene was not hearsay because it was introduced to explain why he went to scene); *Estepp*, 17 A.3d at 945 (police officer's testimony regarding CI's statements was admissible to explain officer's course of conduct in investigating drug sales); *Commonwealth v. Dargan*, 897 A.2d 496, 499, 501–02 (Pa. Super. 2006) (officer's testimony regarding CI's out of court statements were admissible to explain officer's actions during investigation).

Here, the record reflects the Commonwealth did not present Officer Moss's testimony for its truth, but to explain Officer Moss's course of conduct. Because the testimony was not hearsay, the PCRA court did not err in finding Appellant failed to prove that trial counsel was ineffective. **See Rega**, 933 A.2d at 1017; **see also Taylor**, 933 A.2d at 1042. Appellant's first issue does not merit relief.

In his second issue, Appellant contends trial counsel was ineffective for failing

> to *voir dire* Juror 11 who was excused to attend to a family medical emergency but remained through deliberations when this panelist was unable to perform her role as a fair and impartial juror, impacting the outcome of the proceedings[.]

Appellant's Brief at 16.

Immediately prior to closing statements, the following exchange occurred:

> TIPSTAFF: Before I bring the jury down, Juror No. 11 had just received a phone call about her son being injured with a broken bone of some kind. She was very nervous, and I said let me mention it first.
>
> THE COURT: Does she want to leave? Is that what she wants?
>
> TIPSTAFF: She was on the phone trying to figure out what was going on. She was like standing outside the door, and she seemed a little upset, so I decided to ask before just bringing them down.
>
> THE COURT: I don't remember who Juror 11 is.
>
> TIPSTAFF: It was a lady.
>
> THE COURT: A younger woman or –

TIPSTAFF:  Her son is in junior high.

THE COURT:  Oh, yes.  Okay.  I think we have to excuse her.

[THE COMMONWEALTH]:  Yes.

[TRIAL COUNSEL]:  I'm not going to force her to sit here when her son's injured.  That's fine.

THE COURT:  Yes.  So if this is something just happening right now –

TIPSTAFF:  Yes, Your Honor.

THE COURT:  **Do you want to *voir dire* her, or do you just want to let her go?**

[TRIAL COUNSEL]:  **I trust [the Tipstaff's] account** unless [the Commonwealth] –

[THE COMMONWEALTH]:  No.  If she wants to leave, no problem.

* * *

TIPSTAFF:  … We maintained the full jury, Your Honor.

THE COURT:  Pardon?

TIPSTAFF:  We maintained the full jury.

* * *

THE COURT:  Okay. Just to be clear on the record, [the tipstaff] did indicate when he came down, but I'm not sure that it is clear on the record, Juror No. 11, who we all agreed could be excused if she was having a family emergency, apparently resolved the issue to her satisfaction and chose to stay instead, so Juror No. 11 was not replaced by an alternate.

N.T., 3/14-15/19, at 154-55, 191-92 (emphasis added).

Again, Appellant fails to discuss the first two prongs of the

ineffectiveness test and does not provide record support for his claim that

- 10 -

Juror 11 was unfit to deliberate. Appellant's Brief at 16-19. In addition, Appellant claims that trial counsel's failure to *voir dire* the juror "resulted in an **actual denial of counsel**," *id.* at 19 (emphasis in original), but cites no law to support this claim.

The PCRA court explained:

> Appellant has not established prejudice. All jurors were instructed on their duty to carefully consider all of the evidence and not allow any emotion to influence their decision. (TT 175-176). Jurors are presumed to have followed the instructions of the trial court, absent evidence to the contrary. **Commonwealth v. Laird**, 988 A.2d 618, 629 (Pa. 2010). [The PCRA c]ourt notes that the jury considered the plethora of evidence in support of conviction and rendered a verdict which was affirmed by the Superior Court of Pennsylvania. Appellant has brought forth no evidence that any juror failed to live up to his or her oath, merely speculation. The ineffectiveness claim lacks arguable merit and this [c]ourt's dismissal of the claim without a hearing is without error.

PCRA Court Opinion, 4/27/22, at 5.

As the record supports the PCRA's court's findings, we discern no error. **Busanet**, 54 A.3d at 45. Appellant's second issue does not merit relief.

For the above reasons, the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2022

- 11 -