J-A05011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BREON LAWRENCE | |
| Appellant | No. 305 EDA 2022 |

Appeal from the PCRA Order January 10, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005326-2014

BEFORE: LAZARUS, J., KUNSELMAN, J., MURRAY, J.

MEMORANDUM BY LAZARUS, J.          **FILED APRIL 5, 2023**

Breon Lawrence appeals from the order, entered in the Court of Common Pleas of Delaware County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

On April 11, 2014, Lawrence shot and killed Jahkil Swain over an alleged "beef" between the two. Lawrence was arrested and charged with first-degree murder, recklessly endangering another person, possession of an instrument of crime, and persons not to possess a firearm.

Following a two-day jury trial, held August 4 and 5, 2015, Lawrence was convicted of the above-named offenses. On September 11, 2015, the court sentenced Lawrence to life imprisonment without the possibility of parole for

first-degree murder and to an aggregate consecutive term of six-to-twelve years of imprisonment for the remaining convictions.

This Court affirmed Lawrence's judgment of sentence on June 24, 2016. *See Commonwealth v. Lawrence*, 2016 WL 4719983 (Pa. Super. filed June 24, 2016) (unpublished memorandum decision). Lawrence did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On April 26, 2017, Lawrence filed his first PCRA petition, *pro se*. Privately-retained counsel filed an amended petition. Following an evidentiary hearing, the PCRA court denied relief by order dated April 17, 2018, which was affirmed by this Court on January 2, 2019. *See Commonwealth v. Lawrence*, 1347 EDA 2018 (Pa. Super. filed Jan. 2, 2019) (unpublished memorandum decision). The instant petition, Lawrence's second, was filed *pro se* on January 26, 2021. In this petition, Lawrence asserted that Jabri Green had come forward and provided him with a statement dated August 31, 2020, in which Green alleged that Swain had pointed a gun at Lawrence before Lawrence shot him. The PCRA court appointed counsel, who filed an amended petition raising the same newly-discovered evidence claim as Lawrence's *pro se* petition. On January 7, 2022, the PCRA court denied Lawrence's petition as untimely. Lawrence filed a timely notice of appeal, and both Lawrence and the PCRA court have complied with Pa.R.A.P. 1925. On appeal, Lawrence asserts that the PCRA court erred in denying his petition as untimely after

concluding that Lawrence did not prove the existence of a "newly-discovered fact." *See* Brief for Appellant, at 11.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015), quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final, except as otherwise provided by statute. *See* 42 Pa.C.S.A. § 9543(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). The PCRA timeliness requirement is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035,

1038 (Pa. Super. 2007).  The court cannot ignore the petitioner's untimeliness and reach the merits of the petition.  **Id.**

As noted above, Lawrence was sentenced on September 11, 2015, and this Court affirmed his judgment of sentence on June 24, 2016.  Lawrence did not seek allowance of appeal and, thus, his judgment of sentence became final on July 25, 2016.[1]  **See** 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review . . . or at the expiration time for seeking review.").  Thus, any PCRA petitions had to be filed on or before July 25, 2017.

Lawrence's present petition is facially untimely, having been filed over 3½ years late.  However, an untimely PCRA petition may be considered timely if a petitioner alleges and proves one or more of the following: (1) governmental interference with the presentation his claims; (2) discovery of previously unknown facts, upon which the claim is predicated, which could not have been discovered with due diligence; or (3) an after-recognized constitutional right given retroactive application.  **See id.** at § 9545(b)(1)(i-iii).  Any petition invoking one of the exceptions must be filed within one year

_____

[1] The thirtieth day following this Court's affirmance of Lawrence's judgment of sentence fell on a Sunday.  Accordingly, Lawrence had until Monday, July 25, 2016, to petition the Pennsylvania Supreme Court for allowance of appeal. **See** 1 Pa.C.S. § 1908 (when last day for computation of time falls on weekend or legal holiday, that day is omitted from computation).

of the date the claim could have been presented.[2]  ***See id.*** at § 9545(b)(2). It is the petitioner's burden to allege and prove that one of these exceptions applies.  ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010).

Here, Lawrence argues that his petition qualifies for the newly-discovered-facts exception.  Lawrence claims that eyewitness Jabri Green recanted his trial testimony and executed an affidavit stating that Swain pointed a firearm at Lawrence and that Lawrence only shot Swain after observing Swain pointing a firearm at him.  Lawrence contends that, pursuant to ***Commonwealth v. Medina***, 92 A.3d 1210, 1217 (Pa. Super. 2014), "a key witness's recantation of incriminating testimony justifies a 'newly discovered facts' petition."  Brief for Appellant, at 18.

The PCRA court concluded that Lawrence failed to establish the timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) with regard to his newly-discovered-fact claim.  Specifically, the court found that Lawrence's claim was "not based upon a newly[-]discovered fact; instead, it [was] based upon a purported fact, which by [] Lawrence's own account, he has known since the time of the shooting and subsequent trial."  PCRA Court Opinion,

---

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition from 60 days to one year from the date the claim could have been presented.  The amendment applies only to claims arising one year before the effective date of this section, i.e., December 24, 2017, or thereafter, and thus governs the instant petition, since Lawrence alleges his claims arose in 2020, when Green made his statement.  ***See*** Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective December 24, 2018.  ***See also*** Amended PCRA Petition, 3/1/21, at ¶ 7.

8/5/22, at 14-15. Therefore, the PCRA court determined it lacked jurisdiction to entertain Lawrence's petition.

The newly-discovered-facts exception provides:

(b) Time for filing petition. –

(1) any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.

42 Pa.C.S.A. § 9545(b)(1)(ii). "[T]he focus of this exception is on the newly[-]discovered facts, not on a newly[-]discovered or newly[-]willing source for previously known facts." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (internal quotation marks omitted).

Lawrence's reliance on *Medina*, *supra*, is misplaced, as the facts in that case are distinguishable from the those before us. In *Medina*, this Court found that a key witness's recantation testimony met the newly-discovered fact exception where a detective had threatened one of the Commonwealth's witnesses, causing him to lie. *Id.* The Court further reasoned that the defendant had no way of discovering this evidence through the exercise of due diligence. *Id.* Here, unlike *Medina*, the evidence at issue was discoverable through the exercise of due diligence because Lawrence was physically present at the scene of the crime. As the Commonwealth notes in its brief, Lawrence's claim that he did not know that he shot Swain in self-

- 6 -

defense until Green provided his affidavit years later is "wholly non-sensical." Commonwealth's Brief, at 6.

Lawrence's claim was not based upon a newly-discovered fact, but instead, a newly-discovered source for a fact which, by Lawrence's own account, he has known since the time of the shooting and subsequent trial. *See* PCRA Court Opinion, 4/5/22, at 14-15. As such, the PCRA court properly denied relief. *See Brown*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/05/2023