J-S14017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES DANIEL MARTIN, III | : | |
| | : | |
| Appellant | : | No. 2959 EDA 2024 |

Appeal from the PCRA Order Entered October 28, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001106-2015

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED JULY 31, 2025**

Appellant, Charles Daniel Martin, III, appeals from the October 28, 2024 order entered in the Northampton County Court of Common Pleas dismissing his Post-Conviction Relief Act ("PCRA") petition as untimely.[1] Appellant argues that the PCRA court erred in rejecting his invocation of the governmental interference exception to the PCRA's jurisdictional time-bar. After careful review, we affirm.

Appellant's claims arise from his September 12, 2016 jury conviction of Third-Degree Murder and related crimes following a joint trial with his co-defendant, Lael Alleyne, for the December 22, 2014 murder of Nichelson Raymond. The details of the crime are not relevant to the issues before this

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546

Court, which focus on Monserrat Rosas, a central witness for the Commonwealth.[2]

Relevantly, Rosas testified that Appellant conspired with Alleyne and Gary Bridges to rob Raymond and Richard Piscoya during a drug deal in which Rosas acted as the buyer. Rosas provided detailed facts regarding the conspiracy and the resulting murder. Despite Rosas' description of her involvement in the crime as well as her initial attempts to avoid police after the murder, the Commonwealth did not charge Rosas with crimes related to the murder.[3] The Commonwealth has denied having an agreement with Rosas to induce her to testify.

On December 8, 2016, the court imposed an aggregate sentence of 28 to 56 years of imprisonment. Appellant appealed his judgment of sentence, which this Court affirmed on December 11, 2017.[4] Appellant did not seek review in the Pennsylvania Supreme Court; thus, his sentence became final on January 10, 2018.[5]

---

[2] The factual details are set forth in this Court's decision on direct appeal. **Commonwealth v. Martin**, 2017 WL 6276107 (Pa. Super. Dec. 11, 2017) (unpublished decision).

[3] In contrast, the Commonwealth charged Alleyne with, and the jury convicted him of, First-Degree Murder and related crimes, while Bridges entered a plea agreement with the Commonwealth. **Id.** at *2 n.1.

[4] **Id.** at *1.

[5] **See** Pa.R.A.P. 1113(a) (providing an appellant "30 days after the entry of the order of the Superior Court" to file a petition for allowance of appeal).

On December 28, 2023, Appellant filed a PCRA petition. While acknowledging that the petition was facially untimely, Appellant asserted the governmental interference exception to the PCRA's jurisdictional time-bar, claiming, *inter alia*, that the Commonwealth failed to disclose the benefits it provided to or conversations it had with Rosas to induce her testimony in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). Appellant also filed a motion to compel the Commonwealth to disclose the same information.

In support of his contention that an agreement existed, Appellant relied upon portions of the pre-trial discovery packet provided to the defense, including police reports. The reports included summaries of officers' initial contact with Rosas and an interview with her and her mother at the police station. Appellant emphasized that the reports did not refer to any agreement with Rosas to induce her cooperation and contained only two references to potential charges, suggesting that she "could face legal action" if she was not honest and that she "will be charged" if police learned that she was more involved. PCRA Petition, 12/28/23, at 17-18 (citations omitted).

Appellant also relied upon Rosas' trial testimony, highlighting that Appellant's counsel twice "raised at sidebar a concern that Rosas had rights under the Fifth Amendment that required the [c]ourt's attention." **Id.** at 19-20 (citing N.T., 9/7/16, at 55-56, 74-76). The court, however, permitted Rosas to continue her testimony after the Commonwealth responded that Rosas did not have Fifth Amendment concerns because she had renounced her involvement in the robbery and the statute of limitations had run on the

drug crime. N.T., 9/7/16, at 55-56, 74-76. Appellant additionally claimed that Rosas testified inconsistently regarding whether she had an agreement with the Commonwealth, stating that prosecutors told her that "if she told the truth she 'probably won't get charged,'" while also stating that prosecutors "never promised her anything[.]" PCRA Petition at 22 (quoting N.T., 9/7/16, at 139-40). Finally, the petition recounted Appellant's post-conviction investigation which included Rosas' refusal to speak to his counsel or investigators without a court order, and the Commonwealth's continued insistence that it "provided all witness information" to the defense during discovery. *Id*. at 23-26.

On October 8, 2024, following an "issue framing conference" and additional briefing by the parties, the PCRA court filed a Pa.R.Crim.P. 907 notice indicating its intent to dismiss the petition without a hearing. Notice of Intent to Dismiss, 10/8/24, at 4. The court denied Appellant's motion to compel, which the court viewed as a "fishing expedition[]" prohibited under Pa.R.Crim.P. 902(E). *Id.* at 1 n.1. On October 28, 2024, the court dismissed Appellant's PCRA petition as untimely, concluding that Appellant failed to satisfy the governmental interference exception to the PCRA's jurisdictional time-bar.

On October 29, 2024, Appellant filed a timely notice of appeal. Appellant and the PCRA court complied with Pa.R.A.P. 1925.[6]

_____

[6] In its brief Rule 1925(a) opinion, the PCRA court relied upon the reasoning set forth in its Rule 907 Notice of Intent to Dismiss. Trial Ct. Op., 11/1/24.

Appellant raises the following issues on appeal:

1. Did the PCRA court err in dismissing the PCRA petition without first holding a hearing at which [Appellant] would have proven what he pled in his petition regarding the timeliness of his claim alleging a substantial violation of ***Brady v. Maryland***?

2. Did the PCRA court err in grafting on to the governmental interference exception to the PCRA time-bar a requirement that [Appellant] exercise due diligence in uncovering what the Commonwealth concealed?

Appellant's Br. at 3.

We review a court's denial of a PCRA petition to determine whether the record supports the PCRA court's findings of fact and "whether its conclusions of law are free from legal error." ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020). While this Court defers to the PCRA court's factual findings and credibility determinations if supported by the record, we review its legal conclusions *de novo*. ***See id.*** "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the [prevailing] party." ***Id.***

We reiterate that a PCRA petitioner is not entitled to a hearing "as a matter of right;" rather, "the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa. Super. 2007).

To obtain relief under the PCRA, a petition "must be filed within one year of the date the petitioner's judgment of sentence became final, unless he

pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)[,]" including the governmental interference exception pled by Appellant. *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). It is well-established that "neither this Court nor the [PCRA] court has jurisdiction over" an untimely petition that fails to meet an exception. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Moreover, a petitioner must invoke an exception "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The governmental interference exception invoked by Appellant requires the petitioner to prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" *Id.* § 9545(b)(1)(i). As the Supreme Court has explained, a *Brady* violation may constitute governmental interference; however, an appellant may not "begin with a discussion of the merits of a *Brady* claim; rather [he] must begin with a discussion of why the instant petition was timely filed." *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

In his first issue, Appellant asserts that the "the PCRA court perpetuated the [Commonwealth's] due process violation" by denying his motion to compel and dismissing his PCRA petition without holding an evidentiary hearing. Appellant's Br. at 10, 30-36. Appellant relies upon the statutory language of the governmental interference exception of Section 9545(b)(1)(i), which he

reads as requiring that (1) the petition allege governmental interference and then (2) the petitioner prove governmental interference at an evidentiary hearing. *Id.* at 30-31. Appellant contends that his petition "set forth a solid, good faith *prima facie* case that the Commonwealth suppressed the true nature of the benefits it gave Rosas to secure her testimony." *Id.* Appellant asserts that "[i]nstead of allowing [Appellant] to prove what he alleged, the PCRA court cut him off at the knees, denied him the opportunity to prove what he pled and refused to compel the Commonwealth to disclose what was solely in its possession." *Id.* at 31.

After careful consideration, we conclude that the PCRA court did not abuse its discretion in dismissing Appellant's petition without a hearing. Our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to address the underlying merits of Appellant's ***Brady*** claim because Appellant failed to prove that "he brought his claim within one [] year from when it could have been presented" as required by 42 Pa.C.S. § 9545(b)(2). Notice of Intent to Dismiss at 10. As the PCRA court noted, Appellant failed "to plead when [he] first learned of the Commonwealth's supposed interference[.]" *Id.* at 9. Moreover, as the court found, Appellant had "actual notice of the alleged interference" when Appellant received the 2015 pre-trial discovery and heard Rosas' 2016 testimony, both of which occurred far outside the one-year window of Section 9545(b)(2). *Id.* at 9-10.

Moreover, while Appellant claims that the "one-year requirement was not triggered until [he] learned of the facts supporting the claim in April 2023,"

Appellant's Br. at 47-48, he fails to explain what he learned in 2023 that supports his claim of governmental interference. Instead, he merely cites Rosas's unwillingness to speak to his representatives and the Commonwealth's continued denial of concealment. Thus, Appellant does not allege that he obtained any information in 2023 from which a "claim could have been presented," which would have restarted the one-year period for filing a PCRA petition under an exception. 42 Pa.C.S. § 9545(b)(2). Accordingly, we affirm the PCRA court's decision to dismiss Appellant's petition without an evidentiary hearing.

In his second issue, Appellant challenges the PCRA court's alternative holding that he failed to exercise due diligence in bringing his claim. Appellant's Br. at 36-51. In addition to not satisfying the requirements of Section 9545(b)(2), as set forth above, Appellant waived this issue by failing to reference due diligence in his Pa.R.A.P. 1925(b) Statement. *See* Pa.R.A.P. 1925(b)(4)(vii).

Accordingly, we affirm the PCRA court's denial of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2025